# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2023

Lyle W. Cayce
Clerk

_____

No. 22-10897

_____

Matthew D. Melton,

*Plaintiff—Appellant*,

*versus*

Waxahachie Police Department; Albert Martinez, *Detective, #133/#161*; City of Waxahachie,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-2854

_____

Before Elrod, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

This case concerns Matthew Melton's arrest for allegedly assaulting his wife. In May of 2017, Melton's wife called the Waxahachie Police Department and reported that Melton had attacked her. She reported a similar attack in 2008 and requested a protective order, but she later signed an affidavit testifying that her allegations were "a mistake."

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10897

After the report, Waxahachie police officers arrested Melton, and he was charged with family violence assault. Tex. Penal Code § 22.01(b). Melton's wife, however, bailed him out of jail and signed an "affidavit of non-prosecution," asking the county authorities to drop the charges. She further explained that she and Melton had separated and that she was pursuing a divorce "so as to ensure another situation such as this never occurs again." According to Melton's complaint, the assault charges were eventually "dispos[ed]," although neither he nor the Defendants provide any records relating to the initiation or dismissal of any criminal action.

Over four years after the alleged assault, Melton filed a civil action in state court against the detective who responded to the wife's report, the City of Waxahachie, and the Waxahachie Police Department. He brought a panoply of federal and state-law claims, including wrongful arrest, malicious prosecution, due-process violations, negligence, "dereliction of duty," and others. The Defendants removed to federal court and, after Melton amended his complaint, moved to dismiss. Melton moved to remand.

On the magistrate judge's report, the district court denied the motion to remand, granted the motion to dismiss, and entered judgment for the Defendants. The magistrate judge recommended that the district court had jurisdiction over the federal claims asserted in Melton's original petition, and that the district court had supplemental jurisdiction over the state-law claims. The magistrate judge thoroughly considered each of Melton's claims, concluding that some were barred by the statute of limitations, some were not cognizable, some were barred by state governmental immunity, some were barred by qualified immunity, and that some failed on the merits. Finally, the magistrate judge recommended that leave to amend be denied, reasoning that Melton had already been allowed to amend twice, and that he had therefore pleaded his best case. The district court adopted the magistrate judge's careful report and recommendation. We see no reversible error.

2

No. 22-10897

Accordingly, the judgment is AFFIRMED for substantially the same reasons as those explained by the district court and magistrate judge.